UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA RIVAS,

            Plaintiff,

-against-

MICHELLE D. SCHREIBER,

            Defendant.

25-CV-802 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action claiming federal question jurisdiction. By order dated February 7, 2025, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the complaint is dismissed.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations

omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits - to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id*. at 678-79.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible - not merely possible - that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff, who resides in the Ruppert Houses in Manhattan, filed this complaint invoking "Section 4101" against Judge Michelle D. Schreiber, who sits in the New York City Housing Court, New York County. (ECF 1 ¶ IA.)  The following facts are drawn from the complaint.[1]  It appears that Plaintiff is or was a party to a matter in housing court.  In that case, Plaintiff alleged that her apartment needed repairs and that she was being harassed.  (*Id.* ¶ III.)  Judge Karen May Bacdayan granted Plaintiff some of the relief she sought in that case, but Judge Schreiber later

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

"dismissed the harassment case without an explanation." (*Id.*) According to Plaintiff, Judge Schreiber became "irate," "belittled" her, declared that Plaintiff was "dangerous" for asserting the harassment claim against Ruppert Houses and the New York City Department of Housing, Preservation, and Development ("HPD"), and stated that there was "good cause" to evict her. (*Id.*)

Plaintiff alleges that she is a "city worker," and that Judge Schreiber's comments that she was dangerous were defamatory and damaged her reputation. (*Id.*) Plaintiff seeks money damages. (*Id.* ¶ IV.)

## DISCUSSION

A.  **Claims against Judge Schreiber**

1. Judicial Immunity from Suits for Money Damages

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would lose. . . independence[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted).

Plaintiff seeks damages from Judge Schreiber arising from her judicial role in Plaintiff's housing court matter. These claims concern "acts arising out of, or related to, individual cases before" Judge Schreiber, and she is immune from suit for money damages. *Bliven*, 579 F.3d at 210.

3

2. Injunctive Relief Against a Judge Under 42 U.S.C. §1983

Because Plaintiff alleges Judge Schreiber violated her federally protected rights, the Court construes the complaint as arising under 42 U.S.C. §1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Although "judicial immunity does not bar a claim for prospective injunctive and declaratory relief," *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order), a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. Under Section 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff is not entitled to injunctive relief in this action against Judge Schreiber because Plaintiff has alleged neither the violation of a declaratory decree, nor the unavailability of declaratory relief. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam). Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order. *Davis v. Campbell*, No. 13-CV-693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014)); *see United States ex rel Van Stuyvesant v. Swain*, No. 24-CV-3598, 2024 WL 3105588, at *2 (S.D.N.Y. June 20, 2024) (Engelmayer, J.)(dismissing plaintiff's claims for injunctive relief against several judges, in part because plaintiff did not seek to remedy a prospective harm).

The Court dismisses Plaintiff's claims for monetary relief against Judge Schreiber based on absolute judicial immunity. Plaintiff's claims against Judge Schreiber are frivolous, and

4

therefore fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *IFP* statute].").

The Court dismisses Plaintiff's claim for injunctive relief because Plaintiff has alleged neither the violation of a declaratory decree, nor the unavailability of declaratory relief.

**B.      Claim under 28 U.S.C. § 4101**

Plaintiff refers to "§ 4101," which the Court construes as a claim under the SPEECH Act, 28 U.S.C. § 4101. Section 4101 precludes enforcement of certain foreign defamation judgments. *See, e.g., Hyman v. Mashantucket Pequot Indian Tribe of Connecticut*, No. 21-CV-459 (KAD), 2022 WL 2078187, at *4 (D. Conn. June 9, 2022) (holding that the SPEECH Act "addresses the use of foreign defamation judgments to chill free speech"); *Eng v. Cushing*, No. 14-CV-3095, 2014 WL 12885295, at *1 (E.D.N.Y. July 11, 2014) (holding that "the SPEECH Act governs the interplay of foreign defamation judgments and the freedom of constitutionally protected speech in this country. By its terms, the SPEECH Act is utterly inapplicable to Eng's putative lawsuits, and he therefore fails to state a claim under it.")

Plaintiff's complaint does not plead any facts implicating this federal statute, and therefore fails to state a claim for relief under Section 4101 or any other federal statute. *See Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (holding that defamation "is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis for" federal question jurisdiction.) (citing *Paul v. Davis*, 424 U.S. 693, 702 (1976)).

**C.      Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d

243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in her complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   June 24, 2025
         New York, New York

                                                        /s/Kimba M. Wood
                                                        KIMBA M. WOOD
                                                    United States District Judge